
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _6/2/06_

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **LOUIS KIRK BERTRAND** | **CIVIL ACTION NO. 05-823** |
| **VERSUS** | **JUDGE RICHARD T. HAIK** |
| **JOSE ANGUIANO, JR.** | **MAGISTRATE JUDGE METHVIN** |

## MEMORANDUM RULING ON SUMMARY JUDGMENT

Cross Motions for Summary Judgment were filed by the Plaintiff Louis Kirk Bertrand, and Defendant Lincoln General Insurance Company. The Oral Motions were heard the fifteenth of December, 2005. Present were Jeffrey M. Bassett on behalf of the Plaintiff, and Richard Charles Ely, Jr. on behalf of the Defendant.

## PLAINTIFF'S CONTENTIONS

Plaintiff Louis Kirk Bertrand's argument relies on the existence of a MCS-90 endorsement, required by the Federal Motor Carrier Safety Administration ("FMCSA"). FMCSA regulations require that commercial trucking companies

submit proof of financial security for the protection of the public. Depending on the type of freight to be hauled, the financial security required may be in the amount of $750,000, $1 million, or $5 million. FMCSA requires that a copy of the MCS-90 form be attached to the policy as an endorsement when the insurance carrier acts as a surety, as Lincoln General did in the present case. This was a new policy, therefore, a new rejection form was necessary.

## DEFENDANT'S CONTENTIONS

Since the limits of liability remained the same throughout the policy and renewal period, and Richard did not complete a form reinstating UMBI coverage, the UMBI rejection is valid. It is undisputed that the MCS-90 form for the initial policy period required financial security in the amount of $750,000. The renewal policy has a MCS-90 that required financial security in the amount of $1 million. The type of carriage and commodity transported by Richard were the determining factors that changed the financial security requirements from policy year to policy year.

The exact language of the MCS-90 form states "The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "X", for the limits shown." The box indicating that the insurance is primary is checked on both MCS-90 forms, and the language states "This insurance is

primary and the company shall not be liable for amounts in excess of $_____ for each accident." This means that the limit that could be recovered by an injured member of the public could not exceed the amount of $750,000 during the first year of the policy or $1 million during the renewal period. The MCS-90 does not alter the limits of liability of the policy.

## LAW APPLICABLE TO SUMMARY JUDGMENT

Summary Judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## LAW PERTAINING TO THE CASE

Louisiana Law requires that insurance carriers provide UMBI coverage unless "any insured named in the policy either rejects coverage, selects lower

limits, or selects economic–only coverage." LA-R.S. 22:680 (1)(a)(1). The steps required to reject UMBI coverage are set forth in LA-R.S. 22:680(1)(a)(ii), which states:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance... A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage *shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates*. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. *Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms.* (Emphasis added).

## UNCONTESTED FACTS

In September of 2002, Lincoln General Insurance Company issued a policy of insurance to Richard Trucking, Inc., for liability only. On October 1, 2002, Janice Richard executed an Uninsured/Underinsured Motorist Bodily Injury ("UMBI") Coverage Form, thereby complying with Louisiana Law requirements for rejecting UMBI coverage. Richard initialed the UMBI option that stated: "I

do not want UMBI coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist." The limits of liability under the policy issued by Lincoln General were $1 million at the time the policy was issued in 2002. The limits of liability did not change throughout the initial policy period of September 2002-September 2003, and the renewal period of September 2003- September 2004.

Richard rejected the UMBI coverage at the inception of the policy on the form required by the commissioner of insurance in October 2002. Since the limits of liability remained the same throughout the policy and renewal period, and Richard did not complete a form reinstating UMBI coverage, the UMBI rejection is valid.

The limits of liability agreed upon between Richard and Lincoln General were $1 million at the inception of the policy and at the time of renewal. Richard paid premiums based on $1 million liability limits for each policy period. The FMCSA requirement of forms and proof of financial security did not alter any part of the insurance contract and states on its face that its purpose is to provide up to the stated amount in case an accident occurred.

## LAW APPLICABLE TO THIS CASE

Courts have found the MCS-90 to be a suretyship that provides coverage for

members of the public who have been injured when other coverage does not exist. See *American Alternative Ins. Co. v. Sentry Select Ins. Co.*, 176 F.Supp. 2d 550, 556 (E.D. Va. 2001); *T.H.E. Ins. Co. V. Larsen Intermodal Services, Inc.*, 242 F.3d 667, 672 (5th Cir. 2001). In *American Alternative, supra,* the court stated:

> ...[T]he MCS-90 endorsement explicitly states that the endorsement does not alter the insurance contract as between the insured and the insurer, and it obligates the insured to reimburse the insurer for any payments the insurer would not have been liable to make under the policy but for the terms of the endorsement.

The MCS-90 does not alter the insurance policy and therefore, a new UMBI waiver was not required.

The terms of the policy issued by Lincoln General were never changed, and the rejection of UMBI coverage continued into the renewal period when the subject accident occurred. Further, Richard was not paying for UMBI Coverage, and therefore should not receive coverage when no UMBI premiums were paid.

## CONCLUSION

Based on the uncontested facts, Lincoln General is entitled to Summary Judgment as a matter of law. Lincoln General's Motion for Summary Judgment is hereby GRANTED, and Lincoln General is dismissed from this suit, and Plaintiff's Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED, Lafayette, Louisiana, this 20th day of June, 2006.

Richard T. Haik, Sr.
Chief Judge Richard T. Haik, Sr.
United States District Court
Western District of Louisiana